MAX R. KARGMAN & another *vs.* DEPARTMENT OF PUBLIC UTILITIES & another.

Suffolk.    March 5, 1956. — July 26, 1956.

Present: QUA, C.J., RONAN, COUNIHAN, & WHITTEMORE, JJ.

*Public Utilities.    Electric Company.*

There was no error in dismissal by the department of public utilities of a petition by the landlord of a business building for an order requiring an electric company to supply electricity at bulk rates to him for resale to the tenants of the building in competition with the company; following *Boston Real Estate Board* v. *Department of Public Utilities, ante,* 477.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on March 24, 1953.

The suit was reported by *Wilkins,* J.

*Max R. Kargman, (Marie W. Kargman* with him,) for the plaintiffs.

*Matthew S. Heaphy,* Assistant Attorney General, for the department of public utilities.

*Frederick M. Ives, (Finley H. Perry* with him,) for Boston Edison Company.

WHITTEMORE, J. This case is controlled by the decision in *Boston Real Estate Board* v. *Department of Public Utilities* and *Quaker Building Co.* v. *Department of Public Utilities, ante,* 477. The plaintiffs in this case have been purchasing electricity from Edison and using part of it for lighting corridors and other common areas in the building at 18 Tremont Street, Boston, and part for resale to the owners of the adjoining building at 10 Tremont Street. In 1949 the plaintiffs requested Edison to furnish the building at 18 Tremont Street with a larger meter and additional electricity for resale to the tenants in that building. Edison refused. The plaintiffs petitioned the department for an order under G. L. (Ter. Ed.) c. 164, § 92. The department consolidated the case with the petition of Edison which resulted in the orders before us in the companion cases. The order before us for review dismissed the petition.

There was no error. For reasons stated the plaintiffs have no standing to demand electricity at bulk rates to expand the practice of resale. There is no rule of law, such as the plaintiffs assert, that prevents Edison from discontinuing the practice of selling to resellers at wholesale rates. The order would not deny electricity to anyone to whom it has been supplied under the former rate schedule or make it less freely available to any consumer. The cases denying the entire discontinuance of a utility service once undertaken, absent a showing of confiscatory losses, are manifestly distinguishable. So also are *In Re Butters' Express,* P. U. R. 1921B, 452, Mass. D. P. U. (1921), and *Postal Cable Telegraph Co.* v. *Cumberland Telephone & Telegraph Co.* 177 Fed. 726 (1910), cited by the plaintiffs.

The principle that rate making must be based primarily on cost factors of the utility company does not help the plain-

tiffs. The distinctions are plain and need not be elaborated between this case and one in which, because a soundly based uniform rate enables a user to make large profits in his particular business, the utility wishes to establish a special rate to get those profits or some of them. Compare *Postal Cable Telegraph Co.* v. *Cumberland Telephone & Telegraph Co.* 177 Fed. 726, 731.

Although the plaintiffs' exceptions to the master's report, so far as not reflected in the substantive points made by them, are not dealt with in their brief, we have examined them and find no question presented requiring further comment.

A decree is to be entered confirming the master's report and dismissing the bill of complaint.

*So ordered.*